835 F.2d 871
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
CONCEPTUAL ENGINEERING ASSOCIATES, INC., Plaintiff-Appellant,
v.
AELECTRONIC BONDING, INC., Assembly Systems, Inc., Denise
Lajoie and Joel Mallett, Defendants-Appellees.
 No. 87-1291.
 United States Court of Appeals, Federal Circuit.
 Nov. 20, 1987.
 
 Before FRIEDMAN and DAVIS, Circuit Judges, and COWEN, Senior Circuit Judge.
 DAVIS, Circuit Judge.
 
 DECISION
 
 1
 The patent in question, United States Patent 4,215,262, covers an automatic fusion welding apparatus used in the jewelry industry. When the appellant sued for infringement the defendants counterclaimed for a declaratory judgment that the patent is invalid. The decision of the United States District Court for the District of Rhode Island declaring the patent to be invalid for failure to name a co-inventor is affirmed.
 
 OPINION
 
 2
 "[A] patent issued to but one of joint inventors, upon representation that he is the sole inventor, is void." Iowa State Univ. Research Found. v. Sperry Rand Corp., 444 F.2d 406, 408, 170 USPQ 374, 376 (4th Cir.1971). The District Court found, on evidence that was not clearly erroneous, that one of the defendants, Joel Mallett, was actually a co-inventor but he had not been named as an inventor in the patent application. Whether a person is a co-inventor is a question of fact. Shatterproof Glass Corp. v. Libbey-Owens-Ford Co., 758 F.2d 613, 624, 225 USPQ 634, 640-41 (Fed.Cir.), cert. dismissed, 474 U.S. 976 (1985). Findings of fact will not be reversed unless clearly erroneous; those based on an assessment of witness credibility warrant a special cachet. Hambsch v. Department of the Treasury, 796 F.2d 430, 436 (Fed.Cir.1986). We see no such error in Judge Pettine's findings of fact.
 
 
 3
 Although the opinion of the District Court does not use the phrase "clear and convincing evidence," the relevant portions of the opinion and the cases relied upon, e.g., Mueller Brass Co. v. Reading Indus., 352 F.Supp. 1357, 1372, 176 USPQ 361, 372 (E.D.Pa.1972), aff'd, 487 F.2d 1395, 180 USPQ 547 (3d Cir.1973), indicate that the court understood and applied the proper evidentiary standard.
 
 
 4
 The appellant argues that the finding that Mr. Mallett is a co-inventor is based solely on Mr. Mallett's own uncorroborated testimony, and that an absence of corroborating testimony should be "fatal to a claim of co-inventorship." However, the authority cited by the appellant for this contention, Amax Fly Ash Corp. v. United States, 514 F.2d 1041, 185 USPQ 437 (Ct.Cl.1975), permits the trier of fact to infer corroboration by considering the evidence as a whole. Amax Fly Ash Corp., 514 F.2d at 1047, 182 USPQ at 215, approved, 185 USPQ at 438. Here, the court considered evidence in the form of testimony from other witnesses (including Ms. Lajoie and Mr. Galligan), exhibits (the manuals produced by ASI), and other circumstances (including the lack of credibility of Mr. Brastow's account of events) which together provide ample corroboration for Mr. Mallett's testimony.
 
 
 5
 The conclusion that the patent is void for failure to name a co-inventor is dispositive. Accordingly, we express no views on the conclusions and findings of the District Court that the patent is invalid for reasons of obviousness, inoperability, and failure to describe the best mode as required by 35 U.S.C. Sec. 112, p 1.